Good morning, Your Honors. May it please the Court, Adam Stevenson on behalf of Anthony Gardner. In his briefing in this matter, Mr. Gardner raises three independent issues, all of which we feel appropriate for resentencing if the Court were to still find in Mr. Gardner's favor, and I'm happy to address any of the three that the Court would seek to address. However, at least in the beginning, I'd like to focus on the first argument. That is Mr. Gardner's prior burglary conviction and its treatment by the District Court. And in this case, Mr. Gardner's burglary was treated, as we put it in our opening briefing, in effect as a crime of violence under the guidelines. The reason we use in effect is that post-2016, burglary of a dwelling has been removed from the crime of violence enumerated offense definition and included in application note 4 to USSG 4B 1.2. However, that said, the District Court still used it as a crime of violence. It wasn't factored into the guidelines range calculation. We're talking about a non-guidelines upward variance here, and the judge referred to this conviction in deciding to impose an upward variance, right? It wasn't part of the guidelines range calculation. In effect, it was. That's a yes or no, not an in effect. Yes, it was, Your Honor. Where the District Court specifically said, and I think the better reflection would be a base offense level of 20, which would yield the guideline of 92 to 115 months. And I think that is, I think, the more appropriate starting point in applying the application note for those reasons. That's at the sentencing transcript on page 35, appendix of 35. The guidelines range was 51 to 63. Everybody agreed with that. Everything that happened after that was a non-guidelines discussion. And there's no procedural requirements about imposing non-guidelines sentences, either upward or downward variances, other than you have to say why you're doing it. You don't have to go through any kind of categorical approach, non-categorical approach, classifying prior crimes as crimes of violence or otherwise to impose a non-guidelines sentence. The judge is completely free under Booker to impose a non-guidelines sentence for any reason, as long as it's explained. Correct. And that's the government's position. And that's the law. I understand that. I just want to clarify that the government's position is that this was used essentially by analogy in a 3553. I think that there is no question that the unenhanced guideline, what Mr. Gardner feels is the appropriate and the starting guideline range, is much lower. However, the district court essentially It's not starting guidelines range. It's the only guidelines range. The guidelines range here was 51 to 63. There isn't an alternative. This is the range. And the judge engaged in what would be called something of a departure analysis under the old rules, which doesn't apply, and is obsolete post-Booker. So it's just a discretionary judgment call about how much weight to give the burglary conviction in deciding whether to impose a non-guidelines sentence, and if so, how much. Nothing more is required. And so moving on to the rest of the 3553 analysis, Mr. Gardner's other arguments and the evolution of the sentencing process, Mr. Gardner's next contention is that the court failed to sufficiently consider his mental health, his mental health history and the arguments of counsel about that. As an initial matter, the government does claim that this issue is waived. I want to touch upon that briefly. The court cites to Garcia Segura, indicating that when the district court asked at the conclusion of the sentencing hearing, if there was anything further from defense counsel, that when the defense counsel said no, there wasn't, that that was waiver. That's the first part of Garcia Segura, and that's with regard to the statement of or consideration at all of particular arguments. Garcia Segura then continues and indicates that an affirmative response or a potential waiver response would not stop a reviewing court, this court, from looking to the substance of that discussion. And this is also at issue in Ferguson, this case, this court's case in Ferguson, where this court noted that there is a very fine line between a true Cunningham argument, that is the failure to address at all a principal argument mitigation, versus the substance of that review, essentially as a species of sufficiency of appellate review for appellate review, appellate record for appellate review, excuse me. And so Mr. Gardner did not waive this. If this were a new argument that was not addressed at all, not raised sufficiently, there would be no question this would be a waiver case. However, here, that would not result in waiver. The court would look to the sufficiency of the evaluation. And here, the district court did mention, and Mr. Gardner acknowledges that the district court did mention Mr. Gardner's health and did acknowledge that it received Dr. Witherspoon's mental health report, and it acknowledged that Mr. Gardner had mental health conditions, but it didn't respond and indicate why it was not accepting that, and in fact used the enhanced sentence, Judge Sykes, that you were speaking to, and then further varied within that guideline range an additional eight months due to Mr. Gardner's pretrial incarceration conduct. And so by failing to explain why it was essentially refusing or ignoring Mr. Gardner's mental health history, it was not sufficiently considering or establishing an appellate record for review by this court of the court's sentencing purposes. And last but not least, in the remaining portion of my principal argument time, I just want to briefly touch upon the last argument Mr. Gardner has, and that is with regard to the court's explicit increase or variance in sentence of eight months as a result of Mr. Gardner's pre-sentence conduct. The PSR does talk about, at some length, Mr. Gardner's pre-sentence conduct, including an allegation of spitting in the direction of a correctional officer and other items. However, at the actual sentencing hearing, the district court specifically stated that there were actually two citations or two incidents of battery. The government indicates in its briefing that, well, theoretically, it could be chargeable under Illinois state law as a battery. However, there's no arrest report, no adjudication. There's no citation information from the pretrial confinement correctional facility. There is no actual record of any battery, let alone anything other than the one citation for introducing any item that may cause harm to a correctional officer, and then an unlisted set of citations for another separate incident. And for these reasons, the reasons in Mr. Gardner's brief, we ask that the court reverse his sentence, vacate his sentence, and remand for resentencing. And unless the court has any other questions, I reserve the remainder of my time. Thank you, Mr. Stevens. Mr. Walters. Good morning. May it please the court. Greg Walters on behalf of the United States. Unless there are questions concerning what was clearly a variance by the district court judge, I'll focus then on the latter two arguments raised by counsel, beginning first with the alleged due process error of the defendant's accusation that the judge mischaracterized the undisputed facts in the PSR. My friend just noted that the court referred to battery and citations. I have read page 44 of the transcript a number of times, and I don't think the court had ever characterized anything other than stating the facts that are set forth in paragraphs 51 through 55 of the pre-sentence report, to which Mr. Gardner did not object. And so she was completely entitled to rely on the facts set forth in those paragraphs under Rule 32I of the Federal Rules of Criminal Procedure. And it's unlike the cases of the defendant's sites in which a judge relies on arrests for which there is no conviction as opposed to relying on facts. And here Judge Darrow relied on facts of his pretrial conduct that continued to show his propensity towards violence. So, in short, there was no due process error. She accurately described the facts in the PSR and considered those in imposing the sentence. So we come to his argument that what started out as a procedural error argument in the opening brief on page 19 of the blue brief, where the defendant argues that the judge procedurally erred by not addressing a principal argument in mitigation setting forth the de novo standard. First of all, the defendant did not make a principal argument in mitigation concerning his mental health. He set forth a number of facts from Kurt Witherspoon's report trying to explain the defendant's violent outbursts without any explanation as to why those facts called for leniency from the district court. So under United States v. Donnelly, that wasn't even a principal argument in mitigation. Second, even if it were a principal argument in mitigation, the district court addressed it. She did not do so in a rote fashion like, you have raised mental health, here's why I'm rejecting this argument. But if you read the 12 pages of her explanation when she is talking repeatedly about this defendant's violent outbursts and his inability to control those outbursts, that's exactly what was set forth for part of his mental health history in Dr. Witherspoon's report. That's actually an aggravating factor on the facts of this case. It is, Your Honor. Not a mitigating factor, which is probably why it wasn't the focus of the defense arguments for mitigation. Well, we agree, but they offered it and they argued now that it's a principal argument in mitigation. There is nothing mitigating in Dr. Witherspoon's report. And then thirdly, as this court has instructed district courts to do, Judge Darrow followed it by the book. Have I addressed your principal arguments in mitigation? Yes, that is waiver. That's not just waiver that I put it on the record. It goes to the adequacy of the explanation as well. And now the defendant comes in reply and cites United States v. Ferguson, where in Ferguson it was unclear whether the defendant was making a procedural challenge or a substantive challenge. Here it's clear what he started out with on page 19 of his blue brief by citing the de novo standard. He is making a procedural challenge. He has waived that procedural challenge. Now comes back in reply and says, well, actually it's more of did she really consider it as fully as she should have in weighing that factor? First of all, she did. It's just she happened to weigh it as an aggravating factor. And secondly, that is a substantive challenge under the abuse of discretion standard, and they have not made that argument in their opening brief, and therefore that's waived. But regardless, even if this court looked at it for substantive reasonableness, I don't think in the 12 pages that Judge Darrow explained her sentencing decision that this remotely touches upon any abuse of discretion by the sentencing judge. So for those reasons, we would ask this court to affirm the judgment of the district court. Unless the court has any other questions, we rest on our brief. Thank you. Your Honor, just one quick point on rebuttal. Unless the court has any other questions. With regard to my opposing counsel's point with regard to defense and whether this was a mitigating argument or a principal argument, there were not written sentencing submissions or written sentencing memoranda in this case. The only written document was Dr. Witherspoon's report submitted at the beginning of sentencing. And on sentencing transcripts, page 27 and 28, there was discussion of this on behalf of defense counsel that his outbursts may be, quote, explained by his recently diagnosed post-traumatic stress disorder, a combination of that with depression and anxiety. Defense counsel also explained medication could possibly control some of these outbursts, and followed with he could get over these significant psychological conditions. He could lead a law-abiding life. So the argument was that this, due to lack of treatment and due to Mr. Gardner's significant mental health history, this led to the outbursts that the district court was concerned about and that there was a potential answer to these concerns. And for those reasons, and those in his brief, Mr. Gardner asked this court to vacate and remand his sentence. Thank you, Your Honor. Thank you, Mr. Walters. Professor Stevenson, thank you. And, of course, thank you for additional thanks for accepting this appointment. Thank you, Your Honor. The case is taken under advisement. The court will stand in recess.